IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GERALD D. CARLSEN                                                                                PLAINTIFF

v.                                         CIVIL NO. 07-2088

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Gerald D. Carlsen brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

Plaintiff protectively filed a DIB application on February 22, 2001, alleging an inability to work since November 21, 2000 due to hypertension and syncope, a recurrent pre-syncope condition, a vasodepressor syndrome and fatigue. (Tr. 56-58, 559). The Commissioner denied plaintiff's application through the administrative hearing level. (Tr. 13-24). Plaintiff appealed the unfavorable decision to this court, and on August 24, 2004, the defendant filed a motion to voluntarily remand the case for further administrative proceedings. (Tr. 378-381). This court granted defendant's motion on September 15, 2004. (Tr. 394). On September 30, 2005, the

defendant held a supplemental administrative hearing, at which plaintiff, represented by counsel, appeared and testified. (Tr. 549-585).

By written decision dated December 15, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 370). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 370). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to lift/carry and push/pull up to fifty pounds occasionally, twenty-five pounds frequently; to stand or walk for six of eight hours in a work day; to sit for eight of eight hours in a work day; and to occasionally balance and frequently kneel crouch, crawl, stoop or climb stairs but never climb scaffolds and ladders. (Tr. 369-370). The ALJ further found plaintiff could not work around unprotected heights, moving machinery, fumes, odors, noxious chemicals or gases. (Tr. 369). With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a pre-press proofer. (Tr. 369).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on June 26, 2007. (Tr. 268-271). After reviewing the additional medical evidence submitted on appeal, the Appeals Council declined review making the ALJ's decision the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed an appeal brief and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion**:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In making the RFC finding that plaintiff, during the relevant time period of November 21, 2000, through December 15, 2005, was able to perform medium work, it appears the ALJ relied upon a RFC assessment completed by consultative examiner, Dr. Marcelino Belizario, on August 29, 2002, opining plaintiff could do heavy exertional work with some postural and environmental limitations. (Tr. 210-215). The ALJ also noted that in June of 2001, plaintiff reported he was walking three to five miles a day. (Tr. 368, 160). The ALJ discounted the opinion of plaintiff's treating physician Dr. Rodney Schianis opining plaintiff had limitations that placed plaintiff within the sedentary exertional work category with limitations.[1] (Tr. 177-178, 217-219). The ALJ also discounted the opinion of consultative examiner, Dr. K. Simon Abraham, opining plaintiff was able to perform light exertional work with additional postural, manipulative and environmental limitations. (Tr. 501).

In discounting the RFC assessments of Dr. Schianis and Dr. Abraham the ALJ points out plaintiff reported he was walking between three and five miles a day in June of 2001, and that plaintiff had not reported a worsening of his condition to examining physicians. (Tr. 368-369,

---

[1] In plaintiff's brief, plaintiff indicates Dr. Schianis is a cardiologist; however, the record shows Dr. Schianis is an internal medicine doctor. (Tr. 220).

160). The ALJ further found that Dr. Abraham's assessment was inconsistent with his notation that plaintiff was able to walk, stand, sit, lift, carry, finger, see, hear and speak. (Tr. 368, 500).

A review of the record shows plaintiff reported an increase in fatigue and a decrease in endurance to Dr. Belizario in August of 2002, at the administrative hearing before the ALJ on November 20, 2002, to Dr. Abraham at the consultative evaluations in October of 2003 and April of 2005, to Dr. Hodges in October of 2003, and at the administrative hearing before the ALJ on September 30, 2005. (Tr. 210, 251, 466, 477, 493, 559-560). While plaintiff may have been able to walk three to five miles a day in June of 2001, the record does not support the ALJ's finding that plaintiff was able to perform this activity later during the relevant time period. As shown above, plaintiff did consistently report a decrease in endurance and increased fatigue.

With regard to the ALJ's discounting Dr. Abraham's opinion that plaintiff could perform light exertional work activity with additional limitations, a review of the record shows Dr. Abraham examined plaintiff on two separate occasions in October of 2003 and April of 2005, respectively. (Tr. 466, 493). During the April of 2005 evaluation, Dr. Abraham examined plaintiff, reviewed tests performed by his office as well as other medical records and diagnosed plaintiff with a history of syncope, a history of marked fatigue, an abnormal ECG and a positive stress test. (Tr. 493-507). Dr. Abraham also noted plaintiff could walk three hundred yards with no shortness of breath. The ALJ found Dr. Abraham's notation that plaintiff was able to walk, stand, sit, lift, carry, handle, finger, see, hear and speak contradicted Dr. Abraham's opinion that plaintiff could perform light exertional work but would need to sit for seven hours and stand/walk for one hour. Dr. Abraham never indicated plaintiff was unable to perform activities

AO72A
(Rev. 8/82)

of daily living. Rather, the assessment clarifies to what extent he found plaintiff was able to walk, stand, sit, lift, carry, handle, finger, see, hear and speak.

After reviewing the entire evidence of record, we find remand necessary in order for the ALJ to more fully and fairly develop the record with regard to plaintiff's fatigue and weakness during the relevant time period. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Michael E. Hodges, Lincoln Godfrey and John Spore --asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

With regard to the evidence submitted to the Appeals Council, we would point out that the relevant time period for this application is November 21, 2000, through December 15, 2005. An increase in the severity of plaintiff's conditions after the date of the ALJ's decision is not relevant. With regard to the medical evidence submitted with plaintiff's appeal brief, since a proper motion for new evidence was not submitted and the evidence attached to the brief is dated after the ALJ's decision the court will not address this evidence.

7

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)